**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| **JUDY RIDEAUX** | * | **CIVIL ACTION NO.** |
|  | * |  |
| **VS.** | * |  |
|  | * | **SECTION " " ( )** |
| **ACE AMERICAN INSURANCE** | * |  |
| **COMPANY, HEARTLAND EXPRESS,** | * | **JUDGE:** |
| **INC., AND KINCHEN L. HILL** | * |  |
|  | * | **MAG:** |
|  | * |  |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:**

**NOW INTO COURT**, by and through undersigned counsel, come Kinchen L. Hill, Heartland Express, Inc. and ACE American Insurance Company, made defendants, who have been served with a Petition for Damages, and who, with a full reservation of all rights, and while preserving all defenses and objections, hereby remove the below described state court civil action to this Honorable Court since there is complete diversity of citizenship between the plaintiff and these defendants  and the amount in controversy exceeds $75,000, exclusive of interest and costs.

I.

The subject of this Notice of Removal of Civil Action is a Petition for Damages filed April 15, 2015 in the 20th Judicial District Court for the Parish of East Feliciana, State of

Louisiana, in proceedings entitled "*Judy Rideaux versus Ace American Insurance Company, Heartland Express, Inc. and Kinchen L. Hill*" Civil Suit No. 43,549B  (A copy of the Petition for Damages is attached, Exhibit "A")

II.

The subject of the captioned lawsuit are allegations arising from a two vehicle accident in East Baton Rouge Parish on or about April 19, 2014 involving a motor vehicle operated by Plaintiff, Judy Rideaux and a motor vehicle operated by Defendant, Kinchen L. Hill.

III.

The Petition for Damages is removable to this Court pursuant to 28 USC 1332, and 28 USC 1441(a) and (b) in that complete diversity of citizenship exists between the plaintiff and all properly joined and served defendants.

**Timely Removal**

IV.

Made defendants, Ace American Insurance Company, Heartland Express, Inc. and Kinchen L. Hill, allegedly were served with a Petition for Damages on April 20, 2015 and Affidavits were filed into the state court record by Plaintiff on May 5, 2015 pertaining to service made by the Long Arm Statute on Heartland Express, Inc. and on Kinchen Hill on April 20, 2015. (Exhibit B)  ACE American Insurance Company was served on April 24, 2015. (Exhibit C) Further, as shown by Exhibit D, a copy of May 5, 2015 correspondence from Plaintiff's counsel to the counsel for Defendants regarding medical records of  Plaintiff, which

constituted Defendants' first notice and accompanying documentation to demonstrate the amount in controversy exceeded $75,000.   Thus, since fewer than thirty (30) days have passed since Defendants were served and/or from the date Defendants received the "other paper from which it may first be ascertained that the case is one which is or has become removable," this Notice of Removal is timely.  28 USC 1446(b)(3).   Further, less than one year has lapsed since the date suit was filed.   28 USC 1446(c)(1).  Moreover, no previous application for removal has been made.

## **Complete Diversity**

### V.

The Petition for Damages asserts Plaintiff is a resident of and domiciled in East Feliciana Parish, Louisiana. (See Exhibit A at the Introduction of the Petition for Damages)

### VI.

The Petition for Damages asserts that ACE American Insurance Company is "a foreign insurance company." (See Exhibit A at Paragraph 1 (A)).

### VII.

Through information and belief, ACE American Insurance Company is domiciled in Pennsylvania, with its principal place of business in Philadelphia.  (Exhibit E)

### VIII.

The Petition for Damages asserts that Heartland Express, Inc. "is a foreign corporation." (See Exhibit A at Paragraph 1 (B) and service instruction for Heartland Express, Inc., through the Louisiana Long Arm Statute on the last (unnumbered) page of the Petition.)

.

IX.

The Petition for Damages asserts that Kinchen L. Hill is "domiciled and residing in the State of Florida."  (See Exhibit A at Paragraph 1 (C) and service instruction for Kinchen L. Hill, through the Louisiana Long Arm Statute on the last (unnumbered) page of the Petition.)

XI.

See also, Plaintiff's Affidavits attesting to service via the Louisiana Long Arm Statute on Kitchen Hill and on Heartland Express, Inc.  (Exhibit B)

**Amount in Controversy**

XII.

The Petition for Damages is silent as to the actual amount in controversy, though Plaintiff alleges to have sustained severe personal injuries including but not limited o her nervous system and other systems in her body resulting in extreme pain and suffering, nervousness and aggravation.  (Exhibit A at Paragraph 8)

XIII.

Plaintiff, Judy Rideaux itemized the damages to which she claims entitlement as a result of the accident and injury giving rise to this lawsuit, at Exhibit A, Paragraph 9:

    a)  "Past, present and future physical pain and suffering";
    b)  "Past, present and future mental pain and suffering";
    c)  "Loss of enjoyment of life";
    d)  "Past, present and future medical expenses";
    e)  "Past, present and future lost wages";
    f)  "Loss of earning capacity";
    g)  "Hedonic damages";

XIV.

Under the facts alleged in the Petition for Damages, the injuries asserted by Plaintiff, Judy Rideaux, potentially could result in medical bills and general damages that could exceed $75,000.

XV.

Irrespective of the damages alleged in the Petition for Damages, the Petition for Damages did not comply with the provisions of *LA CCP 893*, which requires that "if a specific amount of damages is necessary to establish…the lack of jurisdiction of a federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."

XV.

The removing party typically must establish by a preponderance of the evidence that the amount in controversy exceed $75,000.  *Grant v. Chevron Phillips Chem. Co., L.P*., 209 F. 3d 864, 868 (5th Cir. 2002), cert. denied, 538 U.S. 945 (2003).  When the petition is unclear as to the total amount claimed, the removing defendant is entitled to set forth facts demonstrating that the claim exceeds $75,000.  *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F. 3d 1250 (5th Cir. 1998).

XVI.

Accordingly, on April 30 2015, undersigned counsel wrote to Plaintiffs' counsel to advise of the deficiency in the Petition for Damages and referenced a draft of pleadings that

5

could be filed in state court, as well as enclosing an Irrevocable Stipulation as to Amount in Controversy, wherein Plaintiff was requested to stipulate whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.  (Exhibit F)

XVII.

During a telephone conference on May 4, 2015 with undersigned counsel, counsel for Plaintiff confirmed that Plaintiff was unwilling to stipulate that the amount in controversy, exclusive of interest and costs, did not exceed $75,000, which position of Plaintiff was confirmed by electronic mail.  (Exhibit G)

XVIII.

Further, consistent with Plaintiff's representation during the telephone conference, Plaintiff did not respond with an executed stipulation, as had been requested in the correspondence of April 30, 2015.

XIX.

The medical records provided on May 5, 2015 by Plaintiff include medical records from Baton Rouge Family Medical Center, Kleinpeter Physical Therapy and Baton Rouge Orthopaedic for treatment of symptoms of pain to Plaintiff's bilateral ankles, bilateral shins, left hip pain with radiculopathy, bilateral wrist and hand pain, and neck pain into bilateral upper trapezius muscles.  The medical treatment demonstrated through documents produced to date cover the period of time from April 21, 2014 through February 24, 2015, with additional records provided related to pharmacy records from Walgreens and Wal-Mart.

XX.

As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 USC 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

**Consent to Removal**

XXI.

Removal requires the unanimous consent of all defendants.  28 USC 1446(b)(2)(A).  All Defendant parties, ACE American Insurance Company, Heartland Express, Inc. and Kinchen L. Hill, all consent to and join in the removal of this action. (Exhibit H)

**Notice to Parties and to the State Court**

XXII.

The state court and all parties to the state court action have been provided with notice of this Notice of Removal of Civil Action, pursuant to 28 USC 1446(d). (Exhibit I)

XXIII.

Pursuant to 28 USC 1446(a), Defendants attach copies of all process, pleadings and orders served upon Defendants in the state court action that is the subject of this Notice of Removal of Civil Action, which includes the (1) Petition of Damages, (2) the Plaintiff's Request for Written Notice of Assignment and Written Notice of Any Order or Judgment Made or Rendered; (3) Civil Case Information Sheet; (4) Citation reflecting the return of Service on Ace American Insurance Company; (5) Affidavit reflecting service through the Louisiana Long

Arm Statute on Kinchen L. Hill; and (6)  Affidavit reflecting service through the Louisiana Long Arm Statute on Heartland Express, Inc.; (collectively, Exhibit J, but each scanned and numbered separately 1-6 in compliance with the United States District Court for the Middle District of Louisiana Administrative Procedures for Filing Electronic Documents for Civil and Criminal Cases, rev'd May 2015,  See, I.(B) General Filing Information, #4 ).

WHEREFORE, Defendants pray that this action be removed from the Twentieth Judicial District Court, Parish of East Feliciana to the United States District Court for the Middle District of Louisiana and proceed therein.

Respectfully submitted,

PERRIER & LACOSTE, LLC

*s/ Jack C. Benjamin, Jr.*

_____

GUY D. PERRIER, #20323
JACK C. BENJAMIN, JR., #22735
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone:  (504) 212-8820
Facsimile:  (504) 212-7285
Email: gperrier@perrierlacoste.com
Email: jbenjamin@perrierlacoste.com

ATTORNEYS FOR ACE AMERICAN
INSURANCE COMPANY, HEARTLAND
EXPRESS, INC., AND KINCHEN L. HILL

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on the 13th day of May 2015, I electronically filed the foregoing Notice of Removal of Civil Action with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed by first-class mail and forwarded by facsimile transmission, by electronic mail and/or by hand delivery the foregoing Notice of Removal of Civil Action and the notice of electronic filing to all counsel.

       *s/ Jack C. Benjamin, Jr.*

       _____

       JACK C. BENJAMIN, JR.

F:\Client Files\Active Files P&L\51681 - JCB\PLEADINGS\Removal - Rideaux\Notice of removal of civil action - federal court.doc